IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEVEN GILCHRIST,
    Petitioner,

v.                                           Case No. 3:10cv66/MCR/MD

WALTER MCNEIL
    Respondent.
_____

**ORDER and**
**REPORT AND RECOMMENDATION**

Before the court is an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 5), and petitioner's motion for extension of time (doc. 7). For the reasons that follow, the undersigned concludes that petitioner's motion should be denied and this action dismissed.

**BACKGROUND AND PROCEDURAL HISTORY**

Petitioner is challenging his 1997 conviction for sale of cocaine entered in the Circuit Court of Escambia County, Florida. He claims he is "actually innocent" of the crime, because the State's key witness recanted his trial testimony. (Doc. 5). Petitioner admits on the petition form that he previously filed a § 2254 petition in federal court regarding the validity of his state court confinement. (*Id.*, p. 3). In response to this court's order (doc. 6) directing him to show cause why his petition should not be dismissed as an unauthorized second or successive petition, petitioner has moved for an extension of time, explaining: "Petitioner would beg the courts not to dismiss his petition until he at least tries to get permission from the Eleventh Circuit Court of Appeals; because Petitioner was not aware of title [sic] 28

U.S.C. § 2244(b)(3)(A). Petitioner begs the court to give him a chance to prove his innocents [sic]." (Doc. 7).

## DISCUSSION

<u>"Second or Successive" Habeas Corpus Application</u>

Title 28 U.S.C. § 2244 provides: "<u>Before</u> a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis added); *see also* Rule 9, Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; *Burton v. Stewart*, 549 U.S. 147, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007); *Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333, 2337, 136 L.Ed.2d 346 (1996); *In re Medina*, 109 F.3d 1560 (11th Cir. 1997). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that has not been previously authorized by an appellate court. *Burton*, 127 S.Ct. at 796, 799 (holding that district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain order authorizing him to file second petition); *Hubbard v. Campbell*, 379 F.3d 1245 (11th Cir. 2004) (holding that district court was obliged to dismiss second or successive § 2254 petition for lack of subject matter jurisdiction, where petitioner failed to obtain the Eleventh Circuit's permission to file it); *Fugate v. Dep't of Corrections*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

The court takes judicial notice of its own records[1] which confirm that on January 26, 2000, petitioner filed a § 2254 petition in this court challenging the same conviction and sentence. (*See Gilchrist v. Moore*, Case Number 3:00cv31/LC/MD). The petition was denied on July 26, 2000, on the grounds that petitioner's claims were procedurally defaulted. (*Id.*, docs. 10, 12 & 13). Petitioner's appeal was dismissed on October 16, 2000 for want of prosecution. (*Id.*, doc. 24). On May 27,

---

[1]The court has the authority to take judicial notice of its own documents. *See United States v. Rey*, 811 F.2d 1453, 1457 n. 5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

2001, petitioner filed another § 2254 petition in this court challenging the same conviction and sentence. (*See Gilchrist v. Moore*, Case Number 3:01cv130/RV/SMN). The petition was dismissed on July 6, 2001 as an unauthorized second or successive petition. (*Id.*, docs. 10, 12 & 13).

The record therefore establishes that the instant habeas petition is second or successive, and that petitioner failed to obtain the requisite authorization from the Eleventh Circuit before filing the petition. This failure operates as a jurisdictional bar that precludes the district court's consideration of the merits of the petition. As petitioner did not have the requisite permission at the time of filing, a stay or extension should not be granted, and this case should be dismissed without prejudice to allow petitioner the opportunity to obtain such authorization <u>before</u> filing a petition in this court.

## Certificate of Appealability

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2254 Rule 11(b).

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If petitioner files an objection to this recommendation, he may bring this argument to the attention of the district judge in his objections.

Accordingly, it is ORDERED:

Petitioner's motion for extension of time (doc. 7) is DENIED.

And it is respectfully RECOMMENDED:

1.  That the amended § 2254 petition (doc. 5) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2.  That the clerk be directed to close this file and send petitioner the Eleventh Circuit's form application for leave to file a second or successive petition.

3.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 11th day of May, 2010.

/s/ *Miles Davis*
      **MILES DAVIS**
      **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**